IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER 1998 SESSION

FILED

November 3, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9712-CR-00554 |
| | ) | |
| | ) | Knox County |
| v. | ) | |
| | ) | Honorable Richard R. Baumgartner, Judge |
| | ) | |
| CARLTON SMITH, | ) | (Possession with intent to sell cocaine) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Darryl Humphrey
P.O. Box 6655
Knoxville, TN 37914

_____

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
          and
Ellen H. Pollack
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General
          and
Paula Gentry
Assistant District Attorney General
City County Building
Knoxville, TN 37902

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Carlton Smith, appeals as of right from his conviction following a jury trial in the Knox County Criminal Court for possession with intent to sell less than one-half gram of cocaine, a Class C felony.[1] As a Range II, multiple offender, the defendant was sentenced to eight years in the custody of the Department of Correction, and he was fined ten thousand dollars. On appeal, the defendant contends that the evidence is insufficient to support his conviction. He argues that the state did not prove beyond a reasonable doubt all of the essential elements of the crime. We affirm the trial court's judgment of conviction.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we do not reweigh the evidence, but presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

In the light most favorable to the state, the evidence shows that at approximately 10:30 or 11:00 p.m. while on duty, Officer David Rausch of the Knoxville Police Department saw the defendant at College Homes, a housing project at which drugs were commonly sold. The defendant did not live at College Homes. The defendant was leaning into the driver's side of a truck with his hands inside the truck. The driver of the truck also was not a resident of College Homes. Either the defendant

---

[1] The defendant was also convicted of resisting arrest, a Class B misdemeanor, but he raises no issues on appeal relative to this conviction.

2

or the driver saw Officer Rausch, and the defendant pushed his hands away from the truck and said, "Go." The driver fled away in the truck.

The evidence shows that Officer Rausch recognized the defendant as he approached him, and the defendant started to walk across the street toward College Homes. When Officer Rausch ordered the defendant to come to him, the defendant started to run away. The defendant did not stop running even though Officer Rausch yelled for him to stop. The defendant struggled with Officer Rausch when he was stopped and arrested for resisting arrest. Officer Rausch then conducted a cursory search for weapons, but he did not search inside the several layers of clothing the defendant was wearing. Officer Rausch placed the defendant in the backseat of his cruiser and drove to a location to complete some paperwork. During this time, the defendant fidgeted, moved around in the backseat, and complained that the handcuffs were too tight. The defendant denied having any drugs on him, and he told Officer Rausch that he had fled because he was afraid of the police.

When Officer Rausch arrived at the jail and took the defendant out of the cruiser, he found in the backseat a plastic bag containing fifteen smaller plastic bags of white powder. One of the smaller bags contained less than one-half gram of cocaine, and the remaining bags contained a counterfeit controlled substance. Officer Rausch testified that each of the smaller bags was called a "quail" and was often sold at twenty dollars each. Before arresting the defendant, Officer Rausch had conducted a safety check of his cruiser and found nothing in the backseat.

3

The evidence is sufficient to convict. The judgment of conviction is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
John H. Peay, Judge


_____
David G. Hayes, Judge